UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| HAROLD LEE TINEYBEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 12-CV-3102 |
| | ) | |
| SHAN JUMPER, et al., | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently detained in the Rushville Treatment and Detention Center, seeks leave to proceed in forma pauperis on his claim alleging breach of settlement agreement entered in a case he pursued in the Northern District of Illinois.

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." Brewster v. North Am. Van

1

Lines, Inc., 461 F.2d 649, 651 (7th Cir. 1972). Additionally, a court must dismiss cases proceeding in forma pauperis "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court grants leave to proceed in forma pauperis only if the complaint states a federal claim. A hearing was scheduled to assist in this review, but the hearing will be cancelled as unnecessary.

## LEGAL STANDARD

To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief ." Fed. R. Civ. P. 8(a)(2). Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(add'l citation omitted). The factual "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level.'" Id., *quoting* Bell Atlantic, 550 U.S. at 555. "A

2

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009), *citing* <u>Bell Atlantic</u>, 550 U.S. at 555-56. However, *pro se* pleadings are liberally construed when applying this standard. <u>Bridges v. Gilbert</u>, 557 F.3d 541, 546 (7th Cir. 2009).

## ANALYSIS

In 2007, Plaintiff entered into a settlement agreement in a case he filed in the Northern District of Illinois, <u>TineyBey v. Peters</u>, 99-CV-2861 (N.D. Ill., Judge Pallmeyer). The agreement provides that Mr. TineyBey will be allowed to take classes by mail toward his undergraduate degree, with the Treatment and Dentention Center paying the reasonable cost of the courses. According to Mr. TineyBey, this provision has been violated because he must pay to mail in his class work, though he is indigent. As a result, he has been unable to mail in his work and cannot earn credit

toward his degree. Plaintiff also seeks an expansion of the settlement agreement.

A claim for breach of a settlement agreement is a state law claim, not a federal claim. Kay v. Board of Educ. of City of Chicago, 547 F.3d 736, 739 (7th Cir. 2008)("the Constitution does not require state actors to keep their promises. It requires process before any state may finally deprive a person of liberty or property (including rights under a contract), but the opportunity to litigate in state court supplies all the process that is due for claims of breach."). Jurisdiction to enforce a settlement agreement may be explicitly retained by the district court in the original matter, but that would be a question for the district court that entered the agreement. *See* Shapo v. Engle, 463 F.3d 641, 643, 646 (7th Cir.2006) (acknowledging that federal district courts can retain jurisdiction to enforce settlements in cases that are dismissed without prejudice).

The Court therefore lacks jurisdiction over Plaintiff's claim, because the claim is based solely on state law and no independent basis for

4

jurisdiction exists. Plaintiff's cites to the U.S. Constitution and various federal statutes do not change the state law nature of his claim. Plaintiff states no claim for discrimination against him because of his disability (presumably his mental disorder that makes him a sexually violent person). Plaintiff is not being denied participation in classes because of any disability. He is being denied because he cannot afford to mail in his work. Additionally, Plaintiff has no right under the U.S. Constitution to educational opportunities. *See* Garza v. Miller, 688 F.2d 480, 485 (7th Cir. 1982)(inmate has no constitutional interest in educational or job opportunities); Elliott v. Baker, 2008 WL 4876871 *2 (N.D. Ill. 2008)(not published in F.Supp.2d)("The federal Constitution does not require state authorities to provide convicted prisoners educational, rehabilitative, or vocational opportunities . . . . The Court is unaware of any authority, nor does Elliott cite any, suggesting that the rules are different for civilly committed persons."). Nor does federal jurisdiction exist to enforce the Illinois Administrative Code. Guarjardo-Palma v. Martinson, 622 F.3d 801, 806 (7th Cir. 2010)("[A] violation of state law

is not a ground for a federal civil rights suit.").

IT IS THEREFORE ORDERED:

1. Plaintiff's petition to proceed in forma pauperis is denied (d/e 2) because he fails to state a federal claim for relief. The hearing scheduled for June 4, 2012, is cancelled as unnecessary. The clerk is directed to notify Plaintiff's detention facility of the cancellation. All pending motions are denied as moot (d/e's 2, 3, 4), and this case is closed.

2. If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C).

ENTERED: May 31, 2012

FOR THE COURT:

                                          s/Sue E. Myerscough
                                            SUE E. MYERSCOUGH
                                  UNITED STATES DISTRICT JUDGE